IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHELLE BEAN, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:24-cv-00298-DGK |
| FORD MOTOR COMPANY, et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND

This lawsuit arises from an employment dispute. Plaintiff Michelle Bean was a forklift driver at Ford Motor Company's Claycomo, Missouri, assembly plant. Plaintiff alleges Defendant Ford Motor Company subjected her to discrimination and retaliation in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 1981, and the Missouri Human Rights Act ("MHRA"). Further, Plaintiff alleges Defendants Jeff Wielder and "Ted LNU" committed assault and battery when they drove their forklifts into hers.

Now before the Court is Plaintiff's motion to remand. ECF No. 33. For the reasons discussed below, the motion is DENIED IN PART AND GRANTED IN PART.

**Standard**

A defendant may remove a case to federal court when it falls within the district court's original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Further, district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Id.* § 1367(a). Some claims, such as those that "arise under [a state's] workmen's compensation laws," may not be removed to federal court. *Id.* § 1445(c). The nonremovability of a claim,

however, does not affect a district court's jurisdiction over that claim. *In re Norfolk S. Ry. Co.*, 592 F.3d 907, 912 (8th Cir. 2010). Rather, when a civil action includes both removable (within the meaning of § 1331) and nonremovable claims, district courts must sever and remand the nonremovable claim to the state court from which it was removed. *Id.* § 1441(c)(1)–(2). The inclusion of a nonremovable claim does not preclude removal of other claims otherwise within the district court's jurisdiction. *See id*; *see also Tuggar v. Kansas City Art Inst.,* No. 20-CV-00781-HFS, 2021 WL 5545964, at *2 (W.D. Mo. June 14, 2021) (discussing cases).

## Discussion

Plaintiff filed her Petition[1] in the Circuit Court of Clay County, Missouri, on March 17, 2024. Defendants removed the case to this Court on April 25, 2024.

Plaintiff's Petition includes the following claims: "MHRA and Title VII Race and Color Discrimination" (Count I); "MHRA and Title VII 42 U.S.C. 2000e-3 Retaliation" (Count II); "42 U.S.C. 1981 Race Discrimination" (Count III); "42 U.S.C. 1981 Retaliation" (Count IV); "Hostile Work Environment 42 U.S.C. 1981 and MHRA" (Count V); "Discrimination and Retaliation Workers Compensation Rights" (Count VI); "Assault and Battery" (Count VII); and "Assault and Battery" (Count VIII).

Plaintiff argues the inclusion of her worker's compensation claim (Count VI) renders the entire action (including her federal claims) nonremovable and requests the entire action be remanded to state court. Defendants contend removal was proper and the Court has jurisdiction over all Plaintiff's claims. Defendants agree that Plaintiff's worker's compensation claim is

---

[1] Although in federal court the initial pleading is called a "complaint" instead of a "petition," because this case was removed from Missouri state court where the initial pleading is captioned a petition, the Court uses "Petition" to denote Plaintiff's initial pleading.

nonremovable and that the Court must sever and remand Count VI in accordance with § 1441(c). Plaintiff did not file a reply, and therefore did not respond to Defendants' arguments.

To resolve the instant motion, the Court must determine whether it has jurisdiction over Plaintiff's claims. First, it is undisputed that the Court has original jurisdiction over Plaintiff's federal claims under Title VII and § 1981. Similarly, the Court has supplemental jurisdiction over Plaintiff's MHRA claims because they arise out of the same allegations of discrimination and retaliation. *See Clark v. JP Morgan Chase & Co.*, No. 09-00703-CV-W-DGK, 2009 WL 10672036, at *1 (W.D. Mo. Dec. 7, 2009) (finding supplemental jurisdiction where "Plaintiff's claims all stem from acts alleged to have occurred during her time working for Defendant"). The Court has supplemental jurisdiction over Plaintiff's assault and battery claims because Plaintiff alleges the forklift incidents were part of pattern of harassment that created the hostile work environment. *See* Pet. ¶¶ 20–21, 23, 25–26, 28–29, 33–34, 45–46, ECF No. 1-1. That is, the claims "derive from a common nucleus of operative fact." *See ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011) (citations omitted); *see also Ammerman v. Sween*, 54 F.3d 423, 425 (7th Cir. 1995) (affirming supplemental jurisdiction over an assault and battery claim where the Title VII claim "related to the [employer's] actions following the alleged assault"). Finally, the Court has supplemental jurisdiction over Plaintiff's worker's compensation claim because it relies on allegations of retaliation following Plaintiff's claim for injuries arising out of the alleged harassment. *See* Pet. ¶¶ 91–93.

Accordingly, because the Court has jurisdiction over all Plaintiff's claims, removal was proper. But because Plaintiff's worker's compensation claim is nonremovable under § 1445(c), Count VI is severed and remanded back to state court pursuant to 28 U.S.C. § 1441(c).

Finally, Plaintiff requests attorneys' fees. Courts may award attorneys' fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Under § 1441(c), an "*entire action* may be removed if the action would be removable without the inclusion of the [nonremovable] claim." 28 U.S.C. § 1441(c)(1)(B) (emphasis added). As discussed above, because the entire action, without the inclusion of Count VI, was removable, Defendants had an objectionably reasonable basis for seeking removal. Accordingly, Plaintiff's request for attorneys' fees is denied.

## Conclusion

For the forgoing reasons, Plaintiff's motion to remand is DENIED IN PART AND GRANTED IN PART. Count VI is severed and remanded back to the Circuit Court of Clay County, Missouri. The Court retains jurisdiction over Plaintiff's remaining claims.

**IT IS SO ORDERED.**

Date:  August 14, 2024               /s/ Greg Kays
                                     GREG KAYS, JUDGE
                                     UNITED STATES DISTRICT COURT